IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AM/NS CALVERT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0025-WS-B |
| | ) |
| UNITED STEEL, PAPER, AND | ) |
| FORESTRY, RUBBER, | ) |
| MANUFACTURING, ENERGY, | ) |
| ALLIED INDUSTRIAL AND SERVICE. | ) |
| WORKERS INTERNATIONAL UNION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction.[1] The declaratory judgment complaint, filed January 21, 2022, alleges that the plaintiff is not a party to a particular collective bargaining agreement ("CBA") but that the defendant has demanded that the plaintiff adhere to certain of its provisions. The complaint seeks a declaration that the plaintiff "is not a party to the CBA and owes Defendant no rights thereunder." (Doc. 1 at 4).

The complaint attaches as an exhibit a letter from the defendant dated January 19, 2022, in which the defendant states, in pertinent part:

> RE: Neutrality Agreement – Written Notification for [the plaintiff]
>
> Please be advised that the United Steelworkers is beginning an organizing campaign among the employees of [the plaintiff's] facility ….

---

[1] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

> In connection with the provisions of the Neutrality Agreement please provide the Union, within 5 days, a complete list of all employees in the proposed bargaining unit who are eligible for union membership. … The Union requests access to well-traveled, non-work locations within the Company's facility …. Please let me know who you will assign … to arrange a tour of the facility for the purpose of identifying appropriate well-traveled, non-work locations.
>
> In addition, I will also request the person that you assign … to make arrangements for a meeting to discuss and attempt to reach an agreement on the appropriate bargaining unit after we review the employee list.
>
> Thank you in advance for your attention and cooperation in the manner [sic].

(Doc. 1-3 at 2).[2]  The complaint alleges that by this document the defendant demanded enforcement of the CBA's neutrality provisions.  (Doc. 1 at 3-4).  The complaint does not allege any other communications from the defendant or from the plaintiff.  The complaint was filed two calendar days after the date of the defendant's letter.

The complaint bases subject matter jurisdiction on 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), and 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).  (Doc. 1 at 2).  By previous order, the Court questioned the existence of subject matter jurisdiction under these provisions and granted the plaintiff an opportunity to demonstrate the existence of such jurisdiction at the legally relevant time.  (Doc. 5 at 2-3).  The plaintiff has submitted a response, and the issue of subject matter jurisdiction is now ripe for resolution.

In its previous order, the Court pointed out that the Declaratory Judgment Act as a matter of law cannot furnish subject matter jurisdiction.  (Doc. 5 at 2) (quoting *Patel v. Hamilton Medical Center, Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020)).  The plaintiff does not contest the point.

---

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

In its previous order, the Court pointed out the Supreme Court's limiting construction of the scope of subject matter jurisdiction under Section 185. The jurisdictional grant reads as follows: "Suits for violation of contracts between an employer and a labor organization … may be brought in any district court of the United States …." 29 U.S.C. § 185(a). "[A] suit 'for violation of a contract' is not one filed with a view to a future contract violation …. It is one filed *because a contract has been violated* …." *Textron Lycoming Reciprocating Engine Division, Avco Corp. v. United Automobile, Aerospace and Agricultural Implement Workers of America, International Union*, 523 U.S. 653, 657 (1998) (emphasis in original, some interior quotes omitted). That is, subject matter jurisdiction under Section 185 is limited to "suits that claim a contract *has been* violated." *Id*. (emphasis added).

"[J]urisdiction is to be determined based upon the facts as they existed at the time the complaint was filed." *Broward Gardens Tenants Association v. United States Equal Protection Agency*, 311 F.3d 1066, 1076 n. 10 (11th Cir. 2002). Thus, in order for Section 185 to bestow subject matter jurisdiction in a coercive action, the complaint must allege that a violation of the CBA has already occurred and not simply that a violation may or will occur in the future, even the immediate future. *Textron*, 523 U.S. at 661-62 ("Because the Union's complaint alleges no violation of the collective-bargaining agreement, neither we nor the federal courts below have subject matter jurisdiction over this case under § 301(a) of the Labor-Management Relations Act.").

"Similarly, a declaratory judgment plaintiff *accused of violating* a collective-bargaining agreement may ask a court to declare the agreement invalid." *Textron*, 523 U.S. at 658 (emphasis added). That is, a plaintiff may "see[k] declaratory relief from *its own alleged violation*," not from "a future contract violation." *Id*. at 657, 658 (emphasis added). Because subject matter jurisdiction must exist at the moment suit is filed, the plaintiff must show that the defendant, before suit was filed, had accused the plaintiff of violating the CBA.

The Court in its previous order, after making these points, turned to the complaint (including the letter from the defendant) and was unable to identify any allegation or even indication that the defendant had accused the plaintiff of violating the CBA. On the contrary, the letter was plainly the defendant's first correspondence on the subject and, far from suggesting that the plaintiff had already violated the CBA (as by refusing the defendant's requests), the letter expressly anticipated the plaintiff's cooperation.[3] The Court therefore concluded that the plaintiff apparently filed suit before there was an alleged violation of the CBA, defeating subject matter jurisdiction under Section 185, but gave the plaintiff an opportunity to challenge the Court's reading of the law and the record.[4]

The plaintiff in its response to the Court's order insists that subject matter jurisdiction exists whenever "the declaratory judgment defendants could file non-frivolous federal claims against" the plaintiff. (Doc. 7 at 1 (quoting *Household Bank v. JFS Group*, 320 F.3d 1249, 1256 (11th Cir. 2003)). The plaintiff believes this language demonstrates "the prospective nature of Eleventh Circuit subject matter declaratory judgment jurisdiction." (*Id.* at 2). The plaintiff does not explain what it means by "prospective nature," but to the uncertain extent the plaintiff suggests that subject matter jurisdiction in a declaratory judgment action brought under Section 185(a) need not exist when suit is filed, *Household Bank* will not bear the weight the plaintiff assigns it. The *Textron* Court expressly

---

[3] Nor does the complaint contain any indication that the defendant even *could have* accused the plaintiff of violating the CBA before suit was filed. The complaint does not assert that the plaintiff had notified the defendant it would not comply with its request, and the five-day window for compliance was still open when suit was filed.

[4] The complaint identifies no basis for federal question jurisdiction other than the federal common law applicable to suits brought under Section 185. (Doc. 1 at 2). The Court in its previous order expressed skepticism that the substantive law governing suits under Section 185 could provide subject matter jurisdiction when Section 185 itself precludes jurisdiction over the action in which federal common law would be applied. In its response to the Court's order, the defendant makes no effort to defend its assertion of federal question jurisdiction.

construed Section 185(a) as conferring subject matter jurisdiction only over suits alleging historical – not future – actual (coercive action) or alleged (declaratory action) violations of a CBA. *Household Bank* did not purport to overrule *Textron* and was of course powerless to do so.

The plaintiff also cites a sister court's upholding of jurisdiction in a declaratory judgment action brought under Section 185. (Doc. 7 at 2-4 (discussing *West Flagler Associates, Ltd. v. Unite-Here Local 355*, 2010 WL 11601086 (S.D. Fla. 2010)). The plaintiff says that *West Flagler* involves "facts identical to the ones before this Court now," (Doc. 7 at 4 n.4), but that assertion is incorrect. In *West Flagler*, the Court considered whether the case was governed by *Textron*, in which "neither side alleged that a collective bargaining agreement had been violated," and concluded that *Textron* was satisfied because – unlike in this case – the declaratory judgment defendant "is claiming that Plaintiffs violated the Neutrality Agreement." 2010 WL 11601086 at *3. To the uncertain extent that *West Flagler* can be read as finding subject matter jurisdiction in a declaratory judgment action under Section 185 based on a defendant's assertion, first made after suit was filed, that the plaintiff is in violation of the CBA, the Court rejects it as unaccompanied by any analysis and as contrary to *Textron* and *Broward Gardens*.

"The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (internal quotes omitted). "If the plaintiff fails to shoulder that burden, the case must be dismissed." *Id*. Because the plaintiff has not shouldered its burden of establishing subject matter jurisdiction at the legally relevant time, this action is **dismissed without prejudice** for want of such jurisdiction.

DONE and ORDERED this 24th day of February, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE